The opinion of' the Court was read as drawn up by
Parker C. J.
It appeared on a former hearing of this case, on motion for a new trial, that no evidence was offered by the attorney-general to prove that the Malbone Briggs mentioned in the indictment as having been before convicted of the offence of receiving stolen goods, knowing, &c. was the same Malbone Briggs who is presented in the indictment for a similar-offence.' There was a general verdict against the defend ant, bv which the jury establish the fact of the former convic
*184 179 tion, as well as his guilt of the offence with which he is now charged. The Court were inclined to the opinion, that for this cause there should be a new trial, but postponed any final order, on the suggestion of the attorney-general that he should enter a nolle prosequi of so much of the indictment as related to the former conviction, so that the sentence would be the same as if that allegation had been omitted by the grand jury. Such an entry has now been made, and the attorney-general prays for judgment on the conviction.
This motion is resisted, and the defendant has moved that the judgment be stayed and arrested, on the ground that the nolle prosequi, as entered, goes to discharge the defendant from the whole indictment.
We think the judgment cannot be arrested, because the matter on which the nolle prosequi operates is distinct and independent of the principal charge in the indictment, and being struck out, leaves an offence formally as well as substantially charged, upon which there is a conviction. If the attorney-general has virtute officii the power to stay the further prosecution of a part of an indictment after verdict, then the exercise of this power in favor of the defendant cannot avoid the conviction for the residue, if that residue of itself constitutes a crime ; and if he has not the power, then the entry of nolle prosequi is nugatory, and the conviction stands good for the whole. A nolle prosequi does not amount to an acquittal or bar, even where it goes to the whole indictment; Commonwealth v. Wheeler, 2 Mass. S. 173 ; a fortiori a nolle prosequi of part cannot have that effect, nor can it be sufficient cause for arresting the judgment, unless what is struck out leaves, the residue insufficient to constitute an offence. The authorities cited by the attorney-general are all relating to civil actions, but still the principles may apply to criminal prosecutions, where the nolle prosequi is manifestly in favor of the defendant, or not to his prejudice ; as where several should be jointly prosecuted for the same offence which is joint a:id several in its nature, there a nolle prosequi as to one or more of the defendants, cannot prejudice the remainder. So if there be several counts in the same indictment, and a general verdict, and a nolle prosequi of one or more of the counts *185 So if an aggravation be laid to the offence charged, as in larceny, that it was in the night time, or in a dwellinghouse, the nolle prosequi in relation to the circumstance of aggravation, after conviction, could be of no prejudice to the defendant, and we do not see why for such cause he should have a right to stay the judgment.[1]
But in all these cases, if it appear that injury might have oeen done, as for instance, in the case of several counts, if it be made to appear that there was no evidence to support the count which is left to stand, so that if it stood alone there would be an acquittal, the Court will in their discretion grant a new trial.
In the case before us there is this difficulty. The defendant was charged with the crime of knowingly receiving stole: goods, and in the same indictment it is alleged that he had be fore been convicted of the like offence. The record of tha conviction was laid before the jury, who, without any proof o identity, took it for granted that the person of the same name mentioned in the record was the same person before them on trial. They gave a general verdict, which establishes the fact of identity, without any proof. Now it is true, that because of the nolle prosequi he will not be punished more than if this aggravation had been left out of the indictment; but the jury, assuming it as a fact that he had been before convicted, might, and probably did, consider that as tending to prove or render it more probable, that he had committed the new offence. It had the effect at least of proof of bad character ; which would not be admissible in evidence, unless made competent by the defendant’s attempting to prove a good character. However slight may have been the effect in the present case, yet we are to regard the general consequences of principles.
The jury would suppose, from the way in which the record was laid before them, that it was plenary evidence of the convic tion of the defendant, and yet. it was deficient in an essential point. Having a convict on trial, for an offence of a like nature, they might be satisfied with less evidence on the principal charge, than they would require had there been no pre *186 vious stigma. And we are not sure, though it is highly probable, that without this fact there would have been a conviction It is better therefore that the verdict should be set aside and a new trial granted, than that a practice should be sanctioned, wbr.ch may hereafter injuriously affect innocent persons.

New trial granted.

 See 1 Chitty on Crim. Law, (3d Am. ed.) 479, 480, notes.